[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 5, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15054
Non-Argument Calendar

_____

D. C. Docket No. 99-00227-CV-1-CG

BONITA PERRY,

Plaintiff-Appellant,

versus

ALABAMA DEPARTMENT OF CORRECTIONS,
RICHARD N. MEADOWS,
in his individual and official capacity as
Administrative Law Judge
of Alabama State Personnel Department, et al.

Defendants-Appellees,

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 5, 2005)

Before TJOFLAT, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Bonita Perry, an African-American woman, appeals the district court's grant of summary judgment on her Title VII action alleging retaliation for engaging in statutorily protected activity. Perry argues on appeal that the district court erred by finding that she had failed to rebut the defendants' legitimate non-discriminatory reason for not rehiring her, and, therefore, by finding that no reasonable juror would believe that she was not rehired in retaliation for engaging in statutorily protected activities. For the reasons stated more fully below, we affirm.

Perry, a former Drug Program Specialist, sued her former employer, the Alabama Department of Corrections ("ADOC"), the Alabama State Personnel Department ("SPD"), Administrative Law Judge Richard Meadows, in both his individual and official capacities, and SPD Director Thomas G. Flowers in his official capacity, (collectively "defendants") alleging, inter alia, that her name was removed from a list of eligible applicants for employment within the ADOC in retaliation for filing complaints with the Equal Employment Opportunity Commission ("EEOC") and a lawsuit in federal court, all in violation of Title VII, 42 U.S.C. § 2000e-3.[1]

_____

[1] Perry's amended complaint also alleged that she was terminated, suspended, and restricted from pursuing grievances in retaliation for a 1997 lawsuit alleging discrimination by the ADOC. The district court dismissed these claims on grounds of res judicata and collateral estoppel, and they are not appealed. Perry further alleged wrongful discharge claims under the

Specifically, Perry alleged that she filed a complaint against the ADOC with the EEOC on March 22, 1996, for gender and disability harassment and discrimination. After she filed her complaint, Perry alleged that the ADOC reprimanded and suspended her from work in retaliation. Perry also filed a complaint in the United States District Court for the Middle District of Alabama on July 7, 1997. Less than two weeks later, on July 18, 1997, Perry was terminated, and alleged that the termination was in reprisal for pursuing relief in federal court. On September 11, 1998, a jury returned a verdict in favor of the ADOC and judgment was entered against Perry. Relevant to her present appeal, Perry alleged that, in July 1999, the ADOC asked that her name be removed from a list of eligible applicants for employment with the ADOC, a request that was granted by the SPD, all in retaliation for her prior EEOC charges and lawsuit.

The ADOC filed its answer, generally denying that Perry was entitled to relief, and asserting that her claims were barred by res judicata and collateral estoppel because they had already been adjudicated and further arguing that it was entitled to immunity from suit. The remaining defendants also argued that Perry

---

Americans with Disabilities Act and the Family Medical Leave Act, one of which was dismissed, the other of which was not pursued, and neither of which was appealed. Per the district court's rulings, the only issue before us is whether summary judgment was properly granted as to Perry's retaliation claims arising after July 1999, and, therefore, all other arguments made below and not raised on appeal are abandoned. See Access Now, Inc. v. Southwestern Airlines Co., 385 F.3d 1224, 1330 (11th Cir. 2004).

3

was not entitled to relief and raised defenses of immunity, res judicata, and collateral estoppel. The defendants then filed separate "limited" motions for summary judgment, limited to the argument that Perry's claims were barred by the doctrines of either res judicata or collateral estoppel because they had previously been adjudicated in a civil action Perry filed in the United States District Court for the Middle District of Alabama. The evidence showed that Perry, in an April 3, 1998, amended complaint, sued the ADOC and several of its agents alleging, inter alia, that she had been discriminated against, sexually harassed, and wrongfully terminated in retaliation for filing charges with EEOC. In that case, the ADOC claimed that it had terminated Perry for failure to "maintain reasonable standards of conduct," based on a 10-day suspension for failing to follow instructions and two unexcused absences. A jury returned a verdict in favor of the ADOC and judgment was entered against Perry.

The district court granted a partial summary judgment to the ADOC on res judicata grounds, but found that Perry's claim that the ADOC failed to rehire her/requested she be removed as an eligible candidate for employment in July of 1999 could move forward. The other defendants' motion for summary judgment was denied for failing to make a prima facie case that res judicata barred Perry's claims against them, although the court later ruled that the other defendants were

4

also protected from suit by the doctrine of <u>res judicata</u> with the exception of the July 1999 retaliation claim.

The ADOC, SPD, and remaining defendants later filed second and separate motions for summary judgment. Relevant to the present appeal, the ADOC argued that, with respect to Perry's retaliation claim based on events occurring in July 1999, Perry had failed to state a <u>prima facie</u> case, but in any event, Perry had no evidence to suggest that the ADOC's refusal to rehire her because of her past work problems, failing to maintain reasonable standards of conduct based upon one incident of failing to follow instructions, which resulted in a 10-day suspension, and two unexcused absences, was pretextual.

Perry responded and argued that she could establish a <u>prima facie</u> case of retaliation, but never addressed whether the defendants had a legitimate nondiscriminatory reason for terminating her or whether any such reason was pretextual. Both parties submitted evidence in support of their arguments. Relevant to Perry's retaliation claim, the evidence showed that (1) on July 7, 1997, Perry filed a complaint in the United States District Court for the Middle District of Alabama claiming she was subject to gender discrimination by the ADOC and several individual ADOC employees and supervisors; (2) on July 11, 1997, Perry was terminated from her position at the ADOC for failing to maintain reasonable

5

standards of conduct, including a 10-day suspension for failing to follow instructions and two unexcused absences; (3) Perry amended her complaint to include retaliatory discharge; (4) on September 11, 1998, a jury found in favor of the ADOC; (5) on November 6, 2002, an Alabama circuit court affirmed the ADOC's decision to terminate her, and that decision was affirmed on appeal.

The evidence also showed that, at some point before June 8, 1999, Perry applied for a position in the ADOC. In response, the ADOC wrote the SPD requesting permission to "passover" Perry because she had been previously dismissed from her employment with the ADOC and the ADOC was not interested in reemploying her. The SPD granted the ADOC's request, and wrote a letter to Perry to inform her that the SPD was granting the ADOC's request to remove Perry's name from the list of eligible candidates for employment based on her past work history effective July 22, 1999. Perry's attorney responded to that letter and stated that the decision to pass Perry over was further evidence of retaliation.

Finally, and most importantly, on July 23, 1999, the SPD responded to Perry's attorney with a letter stating that the Board had found just cause for Perry's dismissal, a decision that was being appealed in circuit court. The letter further stated that the SPD understood that Perry had filed a complaint in a federal court claiming discrimination surrounding the circumstances that had resulted in her

6

termination, and that a jury had returned a verdict in favor of the ADOC. "Based upon these facts," the SPD believed the ADOC was "justified in its request to remove Ms. Perry from the register of eligibles" for employment.

The district court granted summary judgment to the defendants after finding that Perry had failed to address whether the defendants' reason for not wanting to rehire her was pretextual, and therefore, failed to carry her burden. However, drawing all inferences in Perry's favor, the court went on to assume that Perry nevertheless believed that the defendants' asserted reason for failing to rehire her was a pretext. Looking at the entire case, the court found that Perry's prima facie case was "weak and entitled to minimal weight given the strength of [the defendants'] legitimate non-discriminatory reasons for not wanting to rehire [her]." It further found that Perry had not made any showing that the defendants' reasons for not rehiring her were false, "and there is thus no proof." After considering all the evidence presented, the court found that no reasonable jury could infer that the defendants' decision to "pass over" Perry was retaliatory in nature, and summary judgment was granted to the defendants.

On appeal, Perry argues that the district court, without explanation or evidentiary support, mistakenly found that her prima facie case was weak and incorrectly ruled that the defendants' reason for refusing to rehire Perry was

7

legitimate or nondiscriminatory. Instead, Perry argues that the SPD relied on Perry's litigation efforts to justify its decision not to rehire her, which is sufficient to rebut the defendants' purported and pretextual rationale, i.e., that Perry was fired for poor work performance, justifying passing her over for further employment.

We review de novo the district court's grant of summary judgment. Burton v. Tampa Housing Authority, 271 F.3d 1274, 1276-77 (11th Cir. 2001). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; Celotex v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). We view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion, and all reasonable doubts about the facts are resolved in favor of the non-movant. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999). There is a genuine issue of material fact only if the nonmoving party has produced evidence that a reasonable fact-finder could return a verdict in its favor. Waddell v. Valley Forge Dental Assocs., Inc., 276 F.3d 1275, 1279 (11th Cir. 2001).

Title VII of the Civil Rights Act makes it illegal "to discriminate against . . . employees or applicants for employment . . . because [they have] opposed any

8

practice made an unlawful employment practice by this subchapter, or because [they have] made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing." 42 U.S.C. § 2000e-3(a). In order to establish a prima facie case for retaliation under Title VII, "a plaintiff must show that (1) [she] engaged in . . . statutorily protected expression; (2) [she] suffered an adverse employment action; and (3) there is a causal [connection] between the two events." Shannon v. Bellsouth Telecommunications Inc., 292 F.3d 712, 715 (11th Cir. 2002) (citation omitted). Once "a plaintiff makes out a prima facie case of retaliation, the burden shifts to the defendant to produce legitimate reasons for the adverse employment action." Id. (citation omitted). "If the defendant does so, the plaintiff must show that the reasons the defendant gave were pretextual." Id.

The United States Supreme Court has held that, in attempting to prove pretext, the plaintiff must "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 143, 120 S.Ct. 2097, 2106, 147L.Ed.2d 105 (2000). However, the trier of fact is permitted to "consider the evidence establishing the plaintiff's prima facie case" in determining whether the defendant's explanation is pretextual. Reeves, 530 U.S. at 143, 120 S.Ct. at 2106. Furthermore, the trier of fact is permitted to infer retaliation from the falsity of the

9

employer's explanation as, in appropriate circumstances, "the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose." Reeves, 530 U.S. at 147, 120 S.Ct. at 2108. "Thus, a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." Reeves, 530 U.S. at 148, 120 S.Ct. at 2109.

The Supreme Court ultimately instructed, however, that "[w]hether judgment as a matter of law is appropriate in any particular case will depend on a number of factors," namely: "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law." Reeves, 530 U.S. at 148-49, 120 S.Ct. at 2109. Moreover, as we have said, "[i]f the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1088 (11th Cir. 2004).

As a preliminary matter, Perry hints at an argument that the defendants failed to articulate a legitimate non-discriminatory reason for not rehiring her. This

10

argument is wholly without merit. We have held that an employer need only produce a neutral reason, which the defendants clearly did, arguing as they have that they chose not to rehire Perry because her past work performance was sufficiently deficient to warrant her termination. See, e.g., Smith v. State of Ga., 749 F.2d 683, 687 (11th Cir. 1985). Furthermore, as the district court noted, the defendants' reason for not hiring Perry is fairly persuasive, as she was dismissed for failing to "maintain reasonable standards of conduct." Perry believed that she had been a victim of discrimination, and filed grievances in both Alabama state court and federal court, where a jury found her claims of discrimination and retaliatory discharge in violation of Title VII unconvincing. Therefore, it was Perry's burden to rebut the defendants' reason. Wilson, 376 F.3d at 388.

The only evidence Perry cites to rebut the defendants' assertion that Perry was not rehired because she had been previously dismissed for poor work performance is the July 23, 1999, letter written by an attorney for the SPD. That letter, written in response to Perry's assertion that the ADOC's decision to remove her from a list of eligible employment candidates was more evidence of retaliation, stated that (1) the SPD had determined that there was just cause for Perry's termination, a decision that Perry was challenging in Alabama state court; (2) the SPD was aware that Perry had filed a complaint in federal court, claiming

11

discrimination regarding the circumstances leading to her termination, and a jury had returned a verdict in favor of the ADOC and against Perry; and (3) "based upon these facts," the SPD believed that the ADOC was justified in its request to remove Perry from the register of eligible employment candidates.

Contrary to Perry's assertion, the substance of that letter does not indicate that the SPD relied heavily on Perry's litigation efforts to justify the ADOC's failure to rehire her. If anything, the letter seems to indicate that, at the time the letter was written, the SPD and ADOC believed they had just cause when they terminated Perry, and that a jury had found that her claims of retaliation and discrimination did not have merit. Thus, since her dismissal was just, there would be no reason for the ADOC to want to rehire her two years later. The only ambiguity in the letter is the clause "based upon these facts," which does not refer specifically to whether the letter is referencing the "fact" that Perry had filed lawsuits or to the "fact" that the SPD's and ADOC's decision to terminate Perry had never been found unlawful.

"[I]n deciding whether an inference is reasonable, the court does not compare that inference to others that might be drawn from the facts, but rather must 'cull the universe of possible inferences from the facts established by weighing each against the abstract standard of reasonableness, casting aside those

12

which do not meet it and focusing solely on those which do.'" Carlin

Communication, Inc. v. Southern Bell Tel & Tel. Co., 802 F.2d 1352, 1356 (11th

Cir. 1986). Placed in context, the July 23, 1999, letter does not permit a reasonable

inference that the SPD and ADOC refused to rehire her because of her pursuit of

litigation. The jury in her first federal lawsuit returned a verdict, finding that the

defendants had neither discriminated against nor retaliated against Perry by

dismissing her on September 11, 1998, well in advance of the July 23, 1999, letter.

In that July 23, 1999, letter, the SPD pointed out that Perry's dismissal had been

reviewed by the SPD, which had found just cause supporting the dismissal. It

further pointed out that Perry had filed for review of that decision, as was her right,

in Alabama Circuit Court. The SPD explained that Perry's claim of discrimination

surrounding her dismissal, filed in federal district court, had been decided against

her. Therefore, the SPD explained that it believed the DOC was justified in its

request to remove Perry from the register of eligible candidates for hire.

While her present litigation was pending, both an Alabama Circuit Court and

the Alabama Court of Appeals rejected her claim that the SPD's decision

upholding her dismissal was arbitrary or capricious. Thus, at the time Perry was

removed as an eligible candidate for hire, the SPD and the ADOC had no reason to

believe that it had committed any wrongdoing regarding Perry's dismissal, and had

13

every reason to believe that it could refuse to rehire her because of her past work performance, which had failed to meet reasonable standards of conduct.

Presently, and at the time the case was reviewed by the district court, any possible claim that Perry's dismissal was improper had been resolved in favor of the ADOC and SPD. Thus, the July 23, 1999, letter, read in context with the preceding and successive events, does not permit a reasonable inference that, because the letter truthfully referenced the fact that Perry had pursued legal redress for her dismissal, notably losing in federal and state courts, the defendants were retaliating against her by failing to rehire her. To the contrary, it supports the defendants' continued assertion that Perry failed to maintain reasonable standards of conduct, leading to her termination, that the failure to maintain reasonable standards of conduct was not a pretext for firing her, and that her past, unacceptable work performance was the reason she was taken off the list of eligible candidates for hire.

We have held that "[a]n employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." Silvera v. Orange County School Bd., 244 F.3d 1253, 1262 (11th Cir. 2001) (citations omitted). By analogy, the failure to rehire an employee can be for any reason at all, so long as it was not retaliation

14

for the person's statutorily protected activity. Here, the defendants have proffered a non-retaliatory reason for not hiring Perry (her previous failure to maintain reasonable standards of conduct), and Perry has failed to provide any evidence permitting a reasonable inference that the defendants' reason was false.

Thus, while the district court did not specifically reference or address the July 23, 1999, letter in its order, the court correctly found that Perry had failed to meet her burden with respect to showing that the defendants' legitimate nondiscriminatory reason for not hiring her was pretextual. Therefore, we conclude that the district court did not err by finding that no reasonable juror would be able to find that the defendants' refusal to rehire her constituted retaliation under Title VII and properly granted summary judgment to the defendants. We, therefore, affirm.

**AFFIRMED.**